UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEADERSHIP CONFERENCE ON
CIVIL RIGHTS
1629 K Street, NW
10th Floor
Washington, D.C. 20006

Plaintiff,

v.

JOHN ASHCROFT
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-001

and

U.S. DEPARTMENT OF JUSTICE, and its
CRIMINAL DIVISION
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-001

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as amended, to order the production and making available for public inspection and copying of agency records, consisting of policy statements and interpretations that have been adopted by the United States Department of Justice, instructions to Department of Justice staff that affect a member of the public, and other agency records regarding so-called "voting integrity" efforts, including records of any efforts undertaken by Attorney General Ashcroft and the Department of Justice in the name of

preventing voter fraud that could have the effect of intimidating lawful voters and ultimately suppressing voter turnout, especially when directed at particular racial, ethnic, disability or other minority or disadvantaged group of the American people.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a) (4) (B), which provides for jurisdiction in federal court of action under the FOIA, and 28 U.S.C. § 1331, which provides for jurisdiction in federal court of actions involving questions of federal law.

3. Venue is proper in this judicial district pursuant to 5 U.S.C. § 552 (a) (4) (B), which provides for the filing in the United States District Court for the District of Columbia of a complaint seeking disclosure under the FOIA. Venue is also proper in the District of Columbia pursuant to 28 U.S.C. § 1391 (b) because the defendants reside here and because the cause of action arose here.

## PARTIES

4. Plaintiff Leadership Conference on Civil Rights ("LCCR") is the nation's oldest, largest and most diverse civil and human rights coalition. LCCR has coordinated the national legislative campaign on behalf of every major civil rights law since 1957. As part of its work, LCCR works with coalition partners to help coordinate efforts to prevent neglect or obstruction of voting rights in the upcoming national elections. LCCR established and operates *www.civilrights.org* to serve as the site of record for relevant and up-to-the minute civil and voting rights news and information. LCCR has a vested interest in assessing and publicizing the "voting integrity" policies and records of the United States Department of Justice and in seeing the Department of Justice properly enforce the nation's laws protecting the civil and voting rights of the American people.

5. Defendant John Ashcroft is the Attorney General of the United States and as such he is the nation's chief law enforcement officer and in charge of the United States Department of Justice. He is sued in his official capacity.

6. Defendant Department of Justice is the executive agency of the United States that is responsible for the enforcement of federal civil and criminal laws, including the voting rights laws. The Department of Justice, and its Criminal Division, possess and control records that the LCCR seeks.

## BACKGROUND

7. Federal law prohibits discrimination in voting on the basis of race, color, membership in a language minority group, or previous condition of servitude. The federal prohibition against discrimination in voting is directed against the United States, states, and local government entities. The Voting Rights Act, 42 U.S.C. 1973, et seq., gives the Department of Justice responsibility for enforcing this prohibition against discrimination.

8. The Department of Justice manual on Federal Prosecution of Election Offenses states that "[i]n investigating election fraud matters, the Justice Department must refrain from any conduct which has the possibility of affecting the election itself. A criminal investigation by armed, badged federal agents runs the obvious risk of chilling legitimate voting and campaign activities. Federal prosecutors and investigators should be extremely careful not to conduct overt investigations during the preelection period or while the election is underway . . . . Thus most, if not all, investigation of an alleged election crime must await the end of the election to which the allegation relates. The Criminal Division views any voter interviews in the preelection and balloting periods – other than interviews of a complainant and any witnesses he or she may identify – as beyond a preliminary investigation."

9. By letter dated October 25, 2002, LCCR wrote to Attorney General Ashcroft, expressing concern about the implementation of the then recently announced "Voting Access and Integrity Initiative," which stressed investigation and prosecution of alleged voter fraud. "Voting integrity" efforts, LCCR observed, have had the effect of intimidating lawful voters and ultimately suppressing voter turnout, especially when directed at a particular racial, ethnic, disability or other minority group. To illustrate, LCCR highlighted "heavy handed" enforcement efforts in the weeks leading up to the November 2002 election, including targeting by the Department of Justice of Native American reservations in South Dakota for an investigation of allegations of voter registration fraud when state authorities ordinarily handle election fraud investigations and when the Department of Justice was not providing sufficient interpreters at the polls to protect the rights of Native American voters who were in need of language assistance. According to LCCR, Department of Justice involvement in the fraud investigation raised the profile of the investigation and led to a false perception among the public that "massive" fraud was taking place. The Department of Justice's actions risked intimidating voters and discouraging them from participating in the political process, out of fear that they would be targeted as well.

10. Now the press is reporting new "voting integrity" efforts by the Department of Justice in the months leading up to the national elections on November 2, 2004. On September 13, 2004, The News and Observer, based in Raleigh, North Carolina, reported that the three top Republican federal prosecutors in North Carolina met with the state elections director, who said that the meeting was in response to a directive from Attorney General Ashcroft to all U.S. Attorneys to meet with state election officials to "combat voter fraud" in the November national election.

11. On September 20, 2004, The Washington Post reported that the United States Attorney in New Mexico has formed a state wide criminal task force to investigate allegations of voter fraud in advance of the November presidential election. The Post further reported that the New Mexico criminal investigation "is one of several criminal inquires into alleged voter fraud launched in recent weeks in key presidential battlegrounds, including Ohio and West Virginia, as part of a broader initiative by U.S. Attorney General John D. Ashcroft." According to the Post, "[t]he Justice Department has asked U.S. Attorneys across the country to meet with local election officials and launch publicity campaigns aimed at getting people to report irregularities."

**THE FREEDOM OF INFORMATION ACT**

12. Section (a)(1) of the FOIA requires agencies to publish in the Federal Register its rules of substance and procedure, statements regarding the course and method by which its functions are channeled and determined, and amendments thereto.

13. Section (a)(2) of the FOIA requires agencies to make available for public inspection and copying a number of records, including "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register," "administrative staff manuals and instructions to staff that affect a member of the public," and copies of records released under Section (a)(3) of the FOIA that the agency determines are likely to be requested again and an index thereof.

14. Section (a)(3) of the FOIA authorizes members of the public to submit requests for agency records, and Section (a)(6)(A) of the FOIA requires the agency to determine within 20 working days whether to comply with such a request.

15. Section (a)(6)(E) of the FOIA provides for expedited processing of FOIA requests and requires the agency to determine whether to comply with an expedition request within 10 days of receipt of the request.

**PLAINTIFF'S REQUESTS**

16. By letters dated May 24, 2004, LCCR requested access from the Criminal Division of the Department of Justice to all communications transmitted by the Department of Justice referring to or related to alleged or actual

- "ballot security" procedures or programs at polling places in federal elections from 1988 to the present, including all procedures or programs intended or designed to discover, deter, prevent, or remedy voter fraud;
- videotaping and/or photographing of voters at polling places in federal elections from 1988 to present;
- use of video cameras and/or still cameras at polling places in federal elections from 1988 to present;
- intimidation and/or harassment of African-American, Hispanic, or other racial or ethnic minority voters, at polling places in federal elections from 1988 to the present;
- intimidation and/or harassment of language minority voters at polling places in federal elections from 1988 to the present; and
- monitoring by federal observers or Department of Justice representatives of federal elections, from 1988 to present, in any jurisdiction.

17. Also on May 24, 2004, LCCR requested the Criminal Division of the Department of Justice to expedite processing of its FOIA requests given the importance of public access to Department of Justice policies and other records relating to voting integrity to the upcoming national elections.

18. Over twenty working days have passed since the Criminal Division of the Department of Justice received LCCR's FOIA requests, and LCCR has neither received any agency determination with respect to its expedition requests, nor received any substantive

response to its FOIA requests.

19. By telephone, the Department of Justice has acknowledged that the records that LCCR seeks are not in its reading rooms or otherwise made available by the agency for public inspection or copying.

## FIRST CAUSE OF ACTION (FOIA)

20. Plaintiff LCCR realleges paragraphs 1-19, inclusive, of the Complaint above, and incorporates them herein by reference as if they were fully set forth.

21. LCCR has a statutory right under the FOIA to the records that it seeks and there is no legal basis for refusal by the Department of Justice to disclose these records to it.

22. LCCR also has a statutory right under the FOIA to expedited processing of its request given the need for public access to these records prior to the upcoming national election on November 2, 2004.

23. The refusal by the Department of Justice and its Criminal Division to expedite LCCR's FOIA request, and to make available for public inspection and copying and otherwise disclose the records that the LCCR seeks, is causing injury to LCCR as it is unable to review, publish and report on these records and the information that they contain.

## SECOND CAUSE OF ACTION (APA)

24. Plaintiff LCCR realleges paragraphs 1-23, inclusive, of the Complaint above, and incorporates them herein by reference as if they were fully set forth.

25. In failing to publish or otherwise make available for public inspection and copying statements of policy and instructions to staff regarding defendants' "voting integrity" efforts, and to take other steps necessary to implement the FOIA, the defendants have unlawfully

withheld and delayed action, and otherwise has acted arbitrarily, capriciously and contrary to law in violation of the Administrative Procedure Act, 5 U.S.C. § 701-706.

WHEREFORE, plaintiff LCCR prays that this Court:

(1) Enter an order declaring that the defendants

(a) shall disclose to LCCR the records that it requested under the FOIA;

(b) failed to expedite LCCR's FOIA requests in violation of the FOIA;

(c) are failing to make available to the public statements of policy, instructions to staff, and other substantive and procedural agency records regarding "voting integrity," as required by 5 U.S.C. § 552(a); and

(d) are unlawfully withholding and unreasonably delaying agency action, and acting arbitrarily, capriciously, and contrary to law, in violation of the APA;

(2) Enter an order finding that the circumstances surrounding the withholding by the defendants of the requested records from the public raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding;

(3) Enter an order enjoining the defendants to disclose the records requested under the FOIA to LCCR and to make them available for public inspection and copying;

(4) Enter a permanent injunction directing the defendants to comply promptly with the requirements of the FOIA;

(5) Award LCCR its attorneys' fees and costs in this action; and

(6) Grant LCCR such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: September 28, 2004

Eleanor H. Smith
D.C. Bar No. 416718
ZUCKERMAN SPAEDER LLP
1201 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 778-1800
Counsel for Plaintiff
Leadership Conference on Civil Rights