**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LEADERSHIP CONFERENCE ON CIVIL RIGHTS,** ) ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 04-1664 (RCL)** |
| ) | |
| **ALBERTO GONZALES, ATTORNEY GENERAL, <u>et</u> <u>al.</u>,** ) ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on the Defendants' Motion [49] to Alter or Amend

Judgment and to Stay the Production of Court Ordered Documents.  Upon consideration of

defendants' motion, the opposition thereto, the reply, the applicable law, and the entire record in

this case, the Court will deny the defendants' motion.

**I.      Background**

Plaintiff, the Leadership Conference on Civil Rights, submitted six FOIA requests

addressed to the Department of Justice's Criminal Division seeking records of communications

concerning the monitoring of federal elections from 1988 to the present.  On December 9, 2005,

this Court determined that Justice properly withheld portions of certain documents under FOIA.

However, the Court also determined that portions of certain documents containing paralegal

names and phone numbers could not be withheld under either: (1) FOIA Exemption 6, because

the information is not similar to a "personnel" or "medical" file as is required by Exemption 6; or

(2) under FOIA Exemption 7(C) because the records were not compiled for law enforcement

1

purposes.  <u>See</u> Mem. Op. at 13-14 (Dec. 9, 2005).  Thus, the  Court ordered that defendants

expedite the processing of plaintiff's FOIA requests and produce the requested records to

plaintiffs as soon as practicable, but no later than September 28, 2006.  <u>See</u> Order (Dec. 9, 2005).

Pursuant to Fed. R. Civ. P. 59(e), on December 23, 2005 defendant filed a motion to alter

or amend the Court's Order requiring the release of the paralegal names and telephone numbers,

and requested a stay of the Order in anticipation of an appeal. On February 6, 2006, defendants

filed a notice of appeal.  On February 17, 2006 plaintiff filed a motion to expedite consideration

of defendants' Rule 59(e) motion.

## II.   Applicable Law

### A.     Rule 59(e)

A court has considerable discretion under Rule 59(e). Alteration or amendment of a

judgment is extraordinary relief that need not be granted unless the district court concludes: (1)

that there has been an intervening change of controlling law; (2) that new evidence is available;

or (3) that amendment is needed to correct a clear error or prevent manifest injustice.  <u>Firestone</u>

<u>v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (<u>per curiam</u>).  A Rule 59(e) motion is neither a

means to reargue facts and legal theories upon which a court has already ruled,  <u>New York v.</u>

<u>United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995), nor a vehicle to present arguments or evidence

that could have been advanced earlier.  <u>Kattan v. District of Columbia</u>, 995 F.2d 274, 276 (D.C.

Cir. 1993); <u>W.C. & A.N. Miller Cos. v. United States</u>, 173 F.R.D. 1, 3 (D.D.C. 1997).

### B.     The Pending Appeal

Rule 59(e) requires that a party request alteration or amendment of a judgment within 10

days of the entry of the judgment. FED. R. CIV. P. 59(e).  A notice of appeal "confers jurisdiction

on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)). A district court may deny, but cannot grant, a Rule 59(e) motion pending after the filing of a notice of appeal. If the court is inclined to grant such a motion while the appeal is pending, "the District Court indicates that it will grant relief, [and] the appellant may move the appellate court for a remand in order that relief may be granted." Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991).

When defendant filed its notice of appeal on February 6, 2006, this Court was divested of jurisdiction over the matters on appeal. Under Hoai, this Court may consider defendants' Rule 59(e) motion while the appeal is pending. The Court has considered defendants' motion and, for the reasons set forth below, concludes that the motion will be denied.

## III.   Discussion

In order to prevail on a Rule 59(e) motion, there must be an intervening change of controlling law, new evidence, clear legal error or manifest injustice. Defendants fail to show that relief is warranted on any of these grounds.

### A.   Exemption 6

Defendant argues that the paralegal names and work telephone numbers are similar files to "personnel" or "medical" files; that a privacy interest supports protecting such information; and that the Court erred by holding that there exists no such privacy interest. Moreover, defendants assert that there exists a "strong public interest in protecting the names and numbers" of government workers who work in administrative positions. Defs.' Mot. 9. The Court remains unpersuaded.

The Court's conclusion that the names and telephone numbers are not similar to "personnel" or "medical" files alone renders Exemption 6 inapplicable.  Defendants have not shown a change in governing law, offered previously unavailable evidence, or demonstrated that this conclusion was clearly erroneous or mainfestly unjust.  Relief under Rule 59(e) is unavailable for this reason.  The Court will nevertheless briefly address the defendants' contentions for completeness.

In its December 9, 2005, Memorandum Opinion, the Court noted as an alternative ground for decision that even if the names and telephone numbers were similar to "personnel" or "medical" files, Exemption 6 is nevertheless inapplicable because the "strong public interest . . . namely the interest in protecting minorities against voter intimidation" outweighed "no privacy interest associated with the agency paralegals and their involvement."  Mem. Op. 13-14.  The Court balanced these interests in accordance with Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 874 (D.C. Cir. 1989).  Even if "some privacy interest" exists in the names and office numbers of the Justice Department Criminal Division paralegals that administer the ballot security initiative, that interest would not overcome the "strong public interest" that exists in public scrutiny of what the Justice Department is up to with its ballot security initiative.  Mem. Op. at 14.

Defendants argue that the Court erred in not applying Wood v. FBI, 432 F. 3d 78 (2nd Cir. 2005).  In Wood, the records at issue were part of an administrative disciplinary investigation involving Connecticut FBI agents accused of lying in affidavits supporting arrest warrant applications.  After determining that the files satisfied the threshold requirement of similarity to "personnel" or "medical" files, see id. at 86-87, the Second Circuit moved on to the balancing

step of the Exemption 6 analysis, determining that disclosure of names and identifying information of FBI investigators in the files would constitute an unwarranted invasion of a substantial privacy interest.  Id. at 87-88.  The court concluded that the countervailing public interest in disclosure was minimal, and therefore that the files could be withheld by the FBI under Exemption 6.  Id. at 89.

While the decisions of the Second Circuit are not binding on this Court, it is notable that Wood is distinguishable from this Court's decision to order the paralegal names and work telephone numbers disclosed.  In deciding whether the files in Wood were similar to "personnel" or "medical" files, the court explained that personnel and medical files are protected from disclosure because, aside from names and telephone numbers, they contain information such as "'place of birth, date of birth, date of marriage, employment history, and comparable data,' [as well as] . . . information about an individual's spouse and children, including their birth dates, social security numbers, and other identifying information."  Wood, 432 F.3d at 86 (quoting United States Dept. of State v. Wash. Post Co., 456 U.S. 595, 599 (1982)).  The court also noted that the files "contain private information about other individuals, particularly witnesses."  Id. at 87.  In this case, no such sensitive information will be exposed by disclosure of the parts of the records containing the paralegal names and telephone numbers, which underscores the conclusion that the records sought here are not similar to "personnel" or "medical" files in the manner with which Exemption 6 is concerned.

In considering the weight to be accorded to the privacy interest favoring non-disclosure under the balancing step of the Exemption 6 analysis, the Wood court observed that "[n]ames and other identifying information do not always present a significant threat to an individual's

privacy interest.  Instead, whether the disclosure of names of government employees threatens a significant privacy interest depends on the consequences likely to ensue from disclosure." Wood, 432 F.3d at 88 (citation omitted).  In Wood, unlike in this case, the individuals whose identifying information was at risk of disclosure were FBI investigative personnel, a fact that had particular importance for the court.  "This court and others have recognized that government investigative personnel may be subject to harassment or embarrassment if their identities are disclosed. . . . This interest against possible harassment and embarrassment of investigative personnel raises a measurable privacy concern that must be weighed against the public's interest in disclosure."  Id.  Here, the individuals are paralegals who are made to identify to prosecutors the person to whom their voting integrity initiative reports and records should be sent at the Department of Justice.  Mem. Op. 14.  This is very different from investigative personnel employed by the FBI.  A paralegals' privacy interest is not as particularized, and the public interest in disclosure is substantially greater than in Wood.  Neither Wood nor anything else defendants have submitted is sufficient to warrant relief under Rule 59(e), and the defendants have not persuaded the Court to grant such relief as a matter of discretion.

## B.      Exemption 7(C)

Defendants also contend that paralegal names and numbers are properly exempt under Exemption 7(C) because activities of the Election Crimes Branch are in furtherance of its law enforcement purpose.

Exemption 7(C) protects from disclosure information that is "compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b) (emphasis added).  This

exemption reflects "the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." <u>Computer Professionals for Social Responsibility v. United States Secret Serv.</u>, 72 F.3d 897, 904 (D.C. Cir. 1996).

On December 9, 2005, the Court determined that "there is no evidence that the paralegal names and work numbers were <u>compiled</u> for law enforcement purposes." Mem. Op. 14 (emphasis added).  Defendants have not provided new, previously unavailable evidence of any particular law enforcement proceeding for which any of these records were compiled.  Nor have defendants made any showing that the controlling law has changed, or that the Court's holding Exemption 7(C) inapplicable was clearly erroneous or manifestly unjust.  Defendants in their motion simply reassert their summary judgment arguments, which have already been rejected. Accordingly, relief under Rule 59(e) will be denied.

**C.      Motion to Stay**

Defendants also argue that a stay of production is warranted because defendants' right to an appeal would be abrogated causing irreparable harm.  Under Federal Rule of Civil Procedure 62, the Court must consider the following factors to determine whether a stay pending appeal is warranted: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; (4) the public interest in granting the stay.  <u>Cuomo v. United States Nuclear Regulatory Comm'n</u>, 772 F.2d 972, 974 (D.C. Cir.1985).

For the reasons stated in the Court's December 9, 2005, Memorandum Opinion, the Court

concludes that defendants are not likely to prevail on the merits of an appeal from the ruling that

FOIA's mandatory disclosure provisions require defendants to produce the 7th Edition of Federal

Prosecution of Election Offenses, nor from the ruling regarding the names and work numbers of

the paralegals.  Furthermore, there is no irreparable harm from disclosure of the 7th edition of the

training election offenses training manual because that edition of the manual is already in the

public domain.  Also, the Court concludes that the disclosure of one or more paralegal names and

work numbers will not result in irreparable harm, for the same reasons that the Court found that

information not similar to "personnel" or "medical" files for the purposes of Exemption 6 – the

information is not of the type of personal data that Exemption 6 is concerned to protect.

However, plaintiff and the public likely will suffer significant harm if the Court grants a stay.

The upcoming 2006 federal elections and congressional hearings regarding the re-authorization

of provisions of the Voting Rights Act make plaintiffs' information requests time sensitive.

Accordingly, the motion for stay pending appeal will be denied.

## IV.    Conclusion

Accordingly, it is hereby

ORDERED that plaintiff's Motion [57] for Expedited Consideration of defendants' Rule

59(e) motion is GRANTED.  It is further

ORDERED that defendants' Motion [49] to Alter or Amend Judgment and to Stay the

Production of Court Ordered Documents is DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, March 20, 2006.

8